## JOHN DOE *against* RICHARD ROE.

Where the plaintiff, having filed a bill in chancery for a divorce *causa adulterii*, suborned a witness to prove the fact, and upon discovery of this subornation withdrew his bill and filed another, charging adultery with another person, these facts cannot be given in evidence to impeach the credibility of a witness, produced to prove such second fact of adultery.

THIS was an issue out of chancery, to try the fact of adultery, on a bill for a divorce, filed on the part of Griffith, against his wife.

The bill charged the wife with having committed adultery with one Byron; and Byron, being produced as a witness, proved the fact.

The counsel, for the wife, then offered to prove that the husband, previous to the filing of the bill under which the present issue was awarded, had filed a bill, charging his wife with adultery with one Harrison; and had, by an instrument under his hand, promised to pay to Harrison 200

Doe. v. Roe.

dollars, to swear the fact against her, and 50 dollars more if he should be convicted of perjury, for such false swearing; that as soon as the paper, containing this promise, came to the hands of his wife, he withdrew his first bill, and filed the one now before the court.

THOMPSON, J. This testimony can be offered for no other purpose than to impeach the credibility of the witness who has been sworn. And in this point of view it is certainly too remote, and is, therefore, inadmissible.(1)

*D. B. Ogden*, for the plaintiff.

*Emmet*, for the defendant.

(1) Vide *Germond* v. *Germond*, 6 John. C. C. 347, 349; *S. C.*, 1 Paige, 83; *Wood* v. *Wood*, 2 Paige, 113.